Gershengorn, J.
This action arises out of an alleged rape and sexual assault of the plaintiff, Jane Doe (“Doe”), at the defendant Purity Supreme’s Holbrook grocery store. Doe’s original complaint contained nineteen counts. This court previously held that all of these claims, with the exception of the plaintiffs’ claim for false imprisonment, were barred by the exclusivity provision of the Worker’s Compensation Act [Doe v. Purity Supreme, Inc., 2 Mass. L. Rptr. No. 30, 609 (December 5, 1994)].
Defendants now move for judgment on the only remaining claim pursuant to Mass.R.Civ.P. 56(c) on the ground that they cannot be held vicariously liable for the alleged false imprisonment of Doe. For the following reasons the motion is ALLOWED.
BACKGROUND
This court repeats the plaintiffs’ allegations which, for the purposes of this motion for summary judgment, are taken as true. This case arises out of the alleged rape and sexual assault of the plaintiff, Doe. On November 18, 1990, Doe was assigned to close the Purity Supreme Grocery Store in Holbrook. That evening, Philip Turner (“Turner”), the assistant store manager (who was not working that night) visited the store and sent every employee but Doe home. Doe and Turner closed the store, and at approximately 12:15, while Doe was sitting in the manager’s office, Turner began touching her and raped her. Doe did not reveal this incident until January 1991.
Prior to this incident, Purity had disciplined Turner several times for sexual harassment. Moreover, several Purity employees had complained of Turner’s inappropriate conduct. Purity subsequently terminated Turner.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404Mass. 14,17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The defendants argue that they cannot be held vicariously liable for the intentional tortious conduct of Turner. Employers may be held vicariously liable for the intentional torts of an employee if the tortious act was committed within the scope of employment. Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 404 (1990), citing Miller v. Federated Dept. Stores, Inc., 364 Mass. 340 (1973). “[CJonduct of an agent is within the scope of employment if it is of the kind he is employed to perform . . . ; if it occurs substantially within the authorized time and space *194 limits . . . ; and if it is motivated, at least in part, by a purpose to serve the employer . . .” Worcester, supra (citations omitted). The dispositive issue here is whether Turner’s conduct was within the scope of his employment at the time he allegedly falsely imprisoned Doe.
The alleged false imprisonment happened in the Purity Supreme store where Turner was employed. Although Turner was not scheduled to work that evening, there is evidence to indicate that Turner would regularly come into the store on nights he was not scheduled to work and take care of the payroll. While these facts tend to show Turner’s conduct “occurred substantially within the authorized time and space limits,” this is the only factor supporting the plaintiffs’ claim that Turner was acting within the scope of his employment. The plaintiffs provide no additional facts which suggest Turner was acting within the scope of his employment. Worcester, supra at 405 citing Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986); Miller, supra at 350; (primary inquiry is whether Turner’s action “was in response to [Doe’s] conduct which was presently interfering with [Turner’s] ability to perform his duties successfully”). For instance, there is no evidence that the defendants authorized or directed Turner’s conduct or that Turner’s action was the kind of action that Purity Supreme employed him to perform. Similarly, there is no facts from which the court infer that Turner’s action was, ’’motivated, at least in part, by a purpose to serve [his] employer." Worcester, supra at 404.
The defendants have demonstrated that proof of the elements necessary to show that Turner’s conduct was within the scope of his employment are unlikely to be forthcoming at trial. Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991), Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Absent the requisite relation between Turner’s conduct and his employment, vicarious liability of the defendants is not warranted. All material facts have been established and the defendants are entitled to judgment as a matter of law. Augat, Inc. v. Liberty Mutuallns. Co., 410 Mass. 117 (1991).
ORDER
For all of the foregoing reasons, the motion for summary judgment of the defendants, Purity Supreme, Inc. and David Brown, is hereby ALLOWED and judgment shall enter for the defendants, Purity Supreme Inc. and David Brown, dismissing this action without costs.